951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James RUMLER, Defendant-Appellant.
 No. 91-1001.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1991.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 The defendant, James Rumler, appeals the District Court's order denying his Rule 35 motion to correct his sentence. For the reasons set out below, we affirm the District Court's order.
 
 
 2
 Rumler was convicted of a conspiracy to import marijuana, a conviction upheld by this Court on direct appeal. The defendant now challenges his sentence. At his sentencing hearing, Rumler objected to the amount of marijuana, 15,000 pounds, listed in the indictment and in the presentence report. In response to Rumler's objection to the drug amount specified in the presentence report, the District Court expressly disclaimed reliance on that amount, as required under FED.R.CRIM.P. 32(c)(3)(D)(ii). Instead the Court made a specific finding that Rumler "was involved in a fairly extensively planned and elaborate conspiracy to import marijuana." The Court added that "[w]hether it involved 15,000, or 30,000 or 5,000 pounds is not particularly important with regard to the sentence." The Court also found that the conspiracy "was not a plan to carry out one isolated delivery of a small amount of marijuana" and that Rumler "was clearly involved in what this Court believes was intended to be a large scale operation." The District Court did not find a specific amount of marijuana for sentencing purposes.
 
 
 3
 Rumler brought a motion to correct his sentence under FED.R.CRIM.P. 35. At the hearing on that motion before the District Court, and on appeal before this Court, Rumler argued that when the District Court disclaimed reliance on the 15,000 pounds, it was compelled to sentence him under 21 U.S.C. § 960(b)(3), involving less than 50 kilograms, with a statutory maximum of five years, rather than under what he terms the enhancement provision, § 960(b)(2), involving amounts greater than 50 kilograms with a statutory maximum of fifteen years. The District Court rejected Rumler's reasoning, noting that it had not found that the conspiracy involved less than 50 kilograms. At the Rule 35 hearing the District court made a specific finding, by a preponderance of the evidence, that the amount of marijuana involved in the conspiracy was greater than 50 kilograms. The District Court then denied Rumler's motion to correct his sentence.
 
 
 4
 We conclude that the District Court made no error in the sentencing hearing and imposition of sentence. First the Court complied with Rule 32 when it specifically disclaimed reliance on the 15,000 pounds cited in the presentence report. Moreover, while the Court did not make a finding as to the specific weight of the marijuana involved in the offense, the Court's findings that the conspiracy was "extensively planned and elaborate," that the conspiracy "certainly was not a plan to carry out one isolated delivery of a small amount of marijuana," and that Rumler's operation "was intended to be large scale" are sufficient to support the Court's sentence under 21 U.S.C. § 960(b)(2), offenses involving amounts greater than 50 kilograms. We agree with the District Court in its summary at the Rule 35 hearing: "It is inconceivable that defendant was involved in two trips to transport marijuana from Jamaica and the elaborate scheme of dropping the bundles into the water, and that the amount involved was less than 50 kilograms (or approximately 112 pounds). The testimony supports a conclusion that the overall scheme involved a plan to import thousands of pounds of marijuana, i.e., that defendant's participation in the conspiracy involved far in excess of 50 kilograms."
 
 
 5
 If the District Court made any error, it was only a technical one, and, in light of the overwhelming evidence of a conspiracy involving thousands of pounds of marijuana, harmless under FED.R.CRIM.P. 52.
 
 
 6
 Because the District Court complied with Rule 32 and because the District Court found that the conspiracy involved substantial quantities of marijuana, Rumler's arguments as to the required procedure to correct an error made at sentencing have no merit.
 
 
 7
 The order of the District Court is affirmed.